Good morning. May it please the court. John Ellis, Federal Defenders, on behalf of the appellate, Mr. Martinez-Huerta. When an experienced district court judge, a judge that's been on the bench during the entire life of mandatory guidelines, uses the term departure to enhance a sentence, it's because that's what he meant. When Judge Thompson increased Mr. Martinez's sentence, it was a departure. He called it a departure, defense counsel called it a departure, no one called it a variance. And at the time he departed upward from the guidelines, there was no notice, and that violates Rule 32H and requires remand. Did the judge calculate a different sentence and guideline range? The judge calculated a guideline range of 18 to 24 months. Was there a departure involved in that calculation? There was a downward departure for fast track, Your Honor. Was there any upward departure? Not that the court specifically referenced at that point, Your Honor. The adjustment came afterwards, didn't it? It came after he found that the guideline range is 18 to 24 months. He then said, the sentence in this case is 30 months, it's an upward departure. But was it really a departure? Your Honor, it appears that it was. It clacks like a duck as a variance. He did not calculate a different guideline range. Departure is a vocabulary term that gets mixed up a lot because we're all used to a system that changed, and heaven knows this judge is more used to an old system than I am, but I tangle those words up with regularity. So is your whole case based on the proposition that he said departure when he should have said variance? That's not the entire case, Your Honor, and we have more than just the district court judge using the term departure. There was an objection from defense counsel that, Your Honor, I object to the upward departure, and I object to the court not affording the parties a chance to prepare. Had the judge meant variance, that was the time that he would have said, Mr. Ellis, you're right, I meant variance, and you know you're not entitled to notice of that. It didn't happen. There was an objection to the procedural reasonableness, and it wasn't corrected. The main issue in this case, I think, Your Honor, is the government's position of, look, the probation officer clearly contemplated a variance under 3553A, and the judge rightfully pardoned the probation report. Well, it's not just that. I mean, if there had been a departure, the calculation would have been different. There is no upward departure in the calculation. Your Honor, the thing is also is departures do come at the end of the sentence. Would it have been better had the judge said, this is an upward departure under 4A1.3. I find the guideline range is 30 to 37 months under the sentence of the loaning. Yes. That didn't happen in this case. But, again, that didn't happen. What did happen is that he didn't impose an upward departure. He varied because he knows under Booker, it's a brave new world, and he doesn't have to do a new calculation. Your Honor, I disagree with that, and I disagree with it because, again, the only terms used were departure. But let's take that on for a second. In the court's right, he meant variance. He said departure, and there was an objection for departure, and it wasn't corrected. It gets into the procedural reasonableness of the sentence. If we can't say with certainty why it is that the judge enhanced the sentence, how can we say that sentence is procedurally reasonable? We know. We don't know why the judge enhanced the sentence? Your Honor, if at best you can say reasonable minds can differ, that we have to use the PSR to construe the term departure as variance? Well, he read from the PSR. He made it very clear that he was adopting the reasoning of the probation officer. I disagree, Your Honor. He was adopting the probation officer's recommendation of 30 months in custody. But if you look at the probation report, the part the judge read from, it's three paragraphs under the recommendation section. The paragraph the judge read from at sentencing was the second paragraph. That's the one that said he has 17 criminal history points that far exceeds the requirements of Category 6. If the next paragraph where the probation officer makes specific 3553A comments, that would make it look more like a variance than a departure. The judge didn't quote that. Had the judge read the next paragraph and it was clear, you know, that was a variance and he said variance and then departure, I think the government's argument would hold more water. But again, the judge read that, the 17 criminal history points far exceeds, and he called it a departure. And defense counsel called it a departure. I don't think calling it a variance on this record is fair. And again, going back to it. Well, your brief says departures are supported by a legal basis. Variants are supported by a factual basis. That sounds pretty factual to me. Well, your Honor, I think that that is the kind of the brave new world of the term we should use, the brave new world of the post-Booker remedial measure and the different terms we're going to use. But we still know that under the guidelines, under 4A1.3, it is both factual and legal to determine whether or not there's underrepresentational criminal history. The factual are, are there convictions? The legal is, do they far exceed in such a way that the sentence should be increased? And so either under a Chapter 4 analysis or a Chapter 5 departure analysis, there are still facts that are going to be involved. The district court judge did not articulate the reasons. I also think what would distinguish this case is there was a specific objection from defense counsel that the judge didn't properly consider the 3553A analysis that was set forth in the sentence memo. In fact, this case is different than Zavala and Cardi because the judge didn't even indicate on the record that he had reviewed either the defendant's sentencing memorandum or the government's sentencing summary chart. We don't have that same strong feeling. The government's what? Sentencing summary chart, your Honor. The government just filed a chart recommending 18 months. And so we don't have that general strong feeling that the judge clearly saw the 3553A factors that the parties recommended and he disagreed with them. We don't have that. And again, I think that would go to the procedural reasonableness. Even if you disagree with departure and even if you say, look, it wasn't a departure and you get no notice under 32A, it's not procedurally reasonable in this case when the judge used the term departure. There was several timely objections to that and neither the court nor the government attempted to correct the record. As I suggest in my reply brief, the government, after the defense objection, could have stood up and said, your Honor, you meant variance. You didn't mean departure. And if that's the truth, the judge would have said, you're right. None of those things happen in this case. The only record we have before this court is the term departure. We have an objection. It's a violation of Rule 32H. I'd also indicate that this does violate. Let me ask you. Yes, Your Honor. I mean, these are very, very complicated matters. And if you look at the probation report, page 13, it says factors that may warrant departure. It says the government is recommending two-level fast-track downward departure. It's fast-track because he just came in and pled guilty. That's correct, Your Honor. And saved all that expense. Okay. So if there's going to be a departure, that's where it's supposed to be stated in a probation report. For proper notice, yes, Your Honor. For proper notice. Well, all you got from that was that you were going to get this, what you like, two-level downward departure. Yes, Your Honor. Now, when he read into the record from a probation report, he started on line 18 of page 13, and he started out by saying since he has resided in the United States, the defendant has been arrested numerous times, and he goes on and talks about the defendant's problems. And then he goes on and he says in the next paragraph, the advisory guideline range for the incident offense is 24 to 30 months. However, it is reduced to 18 to 24 months pursuant to U.S. Sentencing Guidelines Section 5K31. Then he goes on and says considering the defendant completed a 24-month federal prison sentence for the same offense in 2003 and committed the incident offense after being released from a 24-month state prison commitment, a sentence of 30 months is recommended. That's what the government recommended. No, that's what the probation office recommended. That's correct, Your Honor. Right. And then he stopped right there, and he doesn't refer to the sentence considering that the sentence considers all of the 3553 factors and is necessary to protect the citizens of the United States. He doesn't get into that. That's correct, Your Honor. Judge Thompson did not. He didn't get into that. That's correct, Your Honor. And so your argument is that there was a departure here that Rule 32H applies, and that requires reasonable notice somewhere along the line. It could even be at the time of sentencing. And no reasonable notice was given, and that makes the sentence procedurally unreasonable. The other argument is that, as far as notice is concerned, is that the notice was given in the pre-sentence report. That's one argument. But you were given no opportunity to respond, and the sentence, again, is procedurally unreasonable. Mr. Kirchhoff, I see I'm over. Can I have a brief moment to respond to the court's question? Oh, yeah. Thank you, Your Honor. I think there are two parts to that. And on the variance, both variances and the variance in the departure, the court's supposed to consider the 3553A factors. And so if there's a variance here, Rule 32H does not apply. You don't need notice. Here the sentence was not explained by the court. The saying, again, is procedurally unreasonable. And that the way the sentencing went, your client didn't have an opportunity to respond. It just happened like that. That's correct, Your Honor. That last point, the judge came out and asked if there was any comments. It was that we're prepared to send in unless you have any questions. The judge asked the defendant to allocute, and then it went straight through and read from the bench and to the record the sentencing statement. Regarding 32H, Your Honor, having notice of the variance wouldn't be sufficient because 32H is you have to have notice of the grounds for an upward departure. And I think even, again, in the post-Booker remedial world we live in, you have to have notice as a departure because that triggers a different set of objections than a variance. And then the last point, Your Honor, before I sit down is the court is right. My argument is at the end of the day, if you do secure with everything, the sentence is procedurally unreasonable. At a minimum, there's no guarantee that the district court judge remained cognizant of the guidelines throughout the sentencing process. This was a significant increase in sentence from 18-month recommendation to 30 months, which is about a 66% increase in a sentence. And for such a significant increase, as this court found in United States v. Ressin. He recited the guideline range. How can you say he was not cognizant of it? Your Honor, in United States v. Ressin, this court found that when you have a significant increase in the sentence, and that case was also a 66% decrease versus a 66% increase, that the district court judge simply missing the guidelines twice during the sentencing colloquy was insufficient. Ressin sets up this procedural rule that if it's a significant departure, which this would be under that rule, there has to be more confidence from this court that the judge, district court judge, actually was remaining cognizant throughout. There's one mention at the beginning. At the end, he uses the word departure. I don't think that makes it procedurally reasonable. And a transcript that lasts like two pages, three pages maybe? It's not Ressin. It's a long, long way from Ressin. Your Honor, that might be the case. But, I mean, I think at the end of the day, volume and quality aren't always related. So with that, Your Honor, thank you. Good morning. Sarah O'Connell for the United States. Your Honors, this was a variance, not a departure. It's clear from the context. The district court properly calculated the guidelines. It articulated the 3553A factors, which were not simply criminal history. It was also to promote respect for the law and deterrence. All three of those things, history, respect for the law, and deterrence, are factors articulated in 3553A1 and 2. He didn't have any respect for the recommendation of the U.S. Attorney's Office. He did not follow our recommendation. Yeah, so he didn't respect it. It's still a reasonable sentence, and it was not an abuse of discretion. And then your office just sat there. You made a deal with someone. You thought it was a fair deal. I know that, you know, I've known Judge Thompson for many, many, many, many years. And he's a good guy, but he ain't his brother. And he went through this. He really didn't give. I mean, here's a defense attorney comes in with a client, and he's got the U.S. Attorney's Office agreement. They've worked out a deal, which isn't easy with your office. You don't make too many deals with people. And so you're satisfied, he's satisfied. You present it. The probation officer, of course, all he talked about was a two-level fast-track departure. Isn't that where they put the departure? If there's going to be a departure, they put it in that section. Yes. And so you come up, and wasn't it after the judge talked about the advisory range and all that? And it was right after that that he imposed the sentence of 30 months. Yes. I'd like to make two points, Your Honor. He didn't give defense counsel. He didn't say, well, I know you made this deal. The government thinks it's fine, and you think it's fine, but I don't. So I think the sentence ought to be higher. So I'm going to give you a chance to tell me why this lesser sentence that had been negotiated between you and the government, and both of you are happy with, why that is reasonable, and what I'm doing is unreasonable. He didn't give him a chance to do that. That's not quite accurate, Your Honor. First, the plea agreement itself, I issued that plea agreement. It has language in it. It's very clear that should the district court judge. We know all that. We know all that. But does he disregard your, Judge Thompson, regularly disregard your. . . All judges sometimes vary from the plea agreements. Huh? All judges sometimes vary from our plea agreements. Do they let you know in advance? Your Honor, in this case, there was a pre-sentence report. . . I'm just asking myself, what is fair? He goes in, and he thinks he's got it. He's working with your office, and neither of you are very easy to get along with. Are you with the federal defenders? Yes, Your Honor. See, they're tough because . . . I'm well aware. No, no, and they should be, and you should respect them for it. Because you're not going to ever be a good prosecutor if you don't have a good defense attorney who's going to keep you on your toes and keep the system honest. Make sure they get the discovery they're entitled to. Make sure their client's rights. . . That's when the system works well. I absolutely, completely agree. He makes this deal with your office. You're happy with it. He is happy with it. And then he comes in, and boom, you know, there's a change. He gets no advance notice that this is going to happen? That's not correct, Your Honor. First, he knows going in there that we're . . . He also knows that our recommendations are advisory. They're not binding on the court. That's underlined in the highlighting in the plea agreement. There's a pre-sentence report issued six weeks before the sentencing hearing where the probation officer recommends higher than the guidelines. He recommends a 30-month sentence. He articulates why. Defense counsel writes a sentencing memorandum in response to that and files it three weeks before the sentencing hearing, and he says, I know that the probation officer is recommending a 30-month sentence, and that recommendation should not be followed, and here's why. It's just not credible for him to argue that he had no notice that this may happen. Did your office respond to it? My office filed a sentencing summary chart that reflected the agreement we made in the plea agreement. It is not my office's job to provide zealous advocacy for the defendant. He's got that already. Well, it's your office's job to, when you make a deal, and we know it's subject to the district court's discretion, to at least explain why your office thought it was a fair deal. Your Honor, the judge knows what the plea agreement is. Do you think that's part of the obligation of your office, or that's the right thing to do? I think the judges know that already. I'm asking you. What's the legal answer to the question? I think the answer is no, isn't it? Does the federal prosecutor have an obligation to explain to the judge who hasn't asked for an articulation of why they made a specific plea agreement? I'm not aware of any such requirement. Well, do you think it's the right thing to do? If the judge were unaware of some important fact, I would think the prosecutor has an obligation to be candid with the court and make sure all important facts were before the court, but where the court has all the facts in front of it, doesn't like the plea agreement, and makes a discretionary variance for a sentence that the court believes to be fair, no, I don't think anything is procedurally incorrect or substantively unfeasible. You don't think that the prosecutor who worked out a deal ought to just say to the judge, well, your honor, we understand that you're the final authority on this, but our office believes that this is a fair deal that we made, and here's why. I think the judge knows that already. He knows what our recommendation is. He's seen the plea agreement. He's seen the sentencing summary chart. Okay, I saw. You can, I mean, I've had prosecutors in the past, and that's before the sentencing guidelines, get up, and if I wanted to impose a sentence other than the one recommended, I would hear from them. Okay. We have such esteemed federal defenders. What? I'm sure he heard the best arguments. What did you say? I said we have such esteemed federal defenders in San Diego in particular. I'm sure the judge did hear the best arguments on behalf of the defendant. I don't know. You know, I've been trying to work out some sense of cooperation on certain issues with the defenders and the prosecutors. Are you aware of that? I'm not. You're not? I'm not aware of your personal work on that, no. What? And the attorney general has vacated the Ashcroft guidelines or memorandum. You know that, don't you? Yes. Do you? Yes. You know that? I know what our current guidelines are. What? I know what our current guidelines are. Apparently, no, Your Honor. And they vacated the others. You know that. Okay. And so we're trying to promote some camaraderie or cooperation between the two. I mean, this is a circuit-wide program. And one of the things we're trying to, oh, I don't know what the right word is, ameliorate or lessen is the defenders filing ethics complaints against the prosecutors. And that results because of the lack of communication, lack of cooperation, in-your-face administration of justice and stuff like that. All right. So I'm trying to develop a kinder, gentler world. Your Honor, for what it's worth, I think we actually get along quite well, and we did reach a deal fairly easily. But at the end of the day, if the district court has all the facts in front of it and differs. Well, maybe you're afraid of the judge. I don't know. I never had any prosecutors or defense counsel hesitate to tell me the way they felt about it. Your Honor, I know the prosecutor who attended the sentencing hearing, and I don't believe she's afraid of the judges. What? I know the federal prosecutor who was at the sentencing hearing, and I don't believe that's the case. I'm just speculating, that's all. All right. Any further questions? No. Thank you. Any rebuttal?  Thank you. Okay. Thank you. All right. This is submitted on the brief, so we've completed our mission today. Thank you. We'll see. All rise. This court for this session stands adjourned.
judges: Holland, Pregerson, Clifton